344 So.2d 925 (1977)
STATE of Florida ex rel. Felix AGUIAR, Jr., et al., Relators,
v.
The Honorable Bill G. CHAPPELL, Judge of the Circuit Court in and for the Sixteenth Judicial Circuit of the State of Florida, in and for the County of Monroe, Respondent.
No. 77-308.
District Court of Appeal of Florida, Third District.
April 11, 1977.
Alvin E. Entin, Miami, Manuel W. James, Key West, for relators.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for respondent.
Before HENDRY, C.J., and NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is a suggestion for writ of prohibition against the respondent. Relators had moved to disqualify the respondent judge, *926 alleging numerous claims of bias and prejudice and facts in support of their assertion that they could not receive a fair trial from the respondent.[1] The motion was denied by an order wherein the respondent ruled that the motion and supporting affidavits were legally insufficient.
The relators subsequently filed this suggestion, whereupon this court issued a rule nisi. Respondent filed a brief in opposition to the suggestion for writ of prohibition, wherein the primary argument concerned the sufficiency of the facts alleged to support the claim of the relators.
As noted above, the motion for disqualification contained broad allegations of personal prejudice and bias. Standing alone, we do not feel that such charges would support disqualification. While we are acutely aware of the oft cited need for "cold neutrality" on the part of a trial judge,[2] bare allegations of prejudice should not suffice to require a judge to recuse himself from exercising jurisdiction. However, further, more particular claims were recited by the relators and by four separate affiants in affidavits submitted in support of the motion for disqualification.
Relators claimed that the respondent had advised police officers to add additional charges against them which were not on the original complaint affidavit. They further alleged that the respondent had already formed an opinion as to the guilt of the relators and that he had expressed his opinion relative thereto. This latter charge was also reflected in all four of the affidavits. While the respondent argues that such claims are legally insufficient to support disqualification absent specific factual recitations concerning the precise time and place of the alleged improprieties, we are not convinced that such particularity is a necessary prerequisite to disqualification.
We are not dealing here with a matter which requires us to determine whether the weight of the evidence supports a verdict rendered by an impartial jury. Rather, we are required to determine whether the relators have demonstrated a legally sufficient fear that they may not receive a fair trial. In such cases the impartiality of the trial judge must be beyond question, for justice presumes an impartial judge. Thus it has been said in a similar situation that such matters are not dependent upon the actual state of mind of the trial judge, but rather the feelings that reside in the minds of those who come before the bench. See Crosby v. State, 97 So.2d 181 (Fla. 1957).
The affidavits submitted herein uniformly state that the respondent has already formed an opinion as to the guilt of the relators, and that he has expressed that opinion. We will not take it upon ourselves to determine the veracity of this claim, or the others alleged by both the relators and the affiants. See State v. Cannon, 166 So.2d 625 (Fla.3d DCA 1964). Rather, we feel that this claim was sufficient to justify the respondent's disqualification. In view of the gravity of the other charges made, the relators have at least demonstrated an actual fear in their minds that they would not receive a fair trial. Such fears are the essence of a motion for disqualification.
We find that the relators' motion was legally sufficient to require the respondent to disqualify himself. Accordingly, it is ordered that the Rule Nisi in Prohibition heretofore issued is hereby made absolute and the Writ of Prohibition shall issue against the respondent. However, we assume that issuance of a formal writ will not be necessary.
It is so ordered.
HENDRY, C.J., dissents.
NOTES
[1] Although the parties to this proceeding have treated the original suggestion as a statutory disqualification pursuant to § 38.10, Fla. Stat. (1975), the respondent trial judge properly considered it as a motion for disqualification under Rule 3.230, Fla.R.Crim.P. Thus we find no need to discuss the contention that the affidavits were not filed "less than ten days before the beginning of the term of court," as is required under § 38.10.
[2] State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939).