HERSEY, Judge.
Larry Keith Jackson filed, in the trial court, a motion for disqualification of Respondent as the presiding judge in two criminal cases in which Jackson was defendant. The motion was denied and Jackson petitioned this Court for a Writ of Mandamus requiring respondent to disqualify himself. The appropriate remedy is by way of Prohibition. Bundy v. Rudd, 366 So.2d 440 (Fla.1978). Accordingly, we treated the petition as one for a Writ of Prohibition and issued an order to show cause why Prohibition should not be granted. In response, respondent stated that Jackson’s motion for disqualification was denied because it was legally insufficient, citing Section 38.10, Florida Statutes (1979). Respondent further stated that, were a legally sufficient motion presented, it would be granted.
Jackson’s motion for disqualification, grounded on prejudice, contained specific factual allegations and a certification that the motion was made in good faith. Filed along with the motion were two affidavits supporting the factual basis for the motion. The affiants were Jackson and his attorney.
Section 38.10 requires the affidavits “of at least two reputable citizens of the county, not of kin to defendant or counsel for the defendant....” Thus, if this statutory provision were controlling, Jackson’s motion would indeed be legally insufficient. However, the procedures for disqualification of a judge in a criminal case are now governed by Rule 3.230, Florida Rules of Criminal Procedure. See State ex rel. Aguiar v. Chappell, 344 So.2d 925 (Fla. 3d DCA 1977); Author’s Comment to Fla.R.Crim.P. 3.230.
Pursuant to Rule 3.230(b) “[ejvery motion to disqualify shall be in writing and shall be accompanied by two or more affidavits setting forth facts relied upon to show grounds for disqualification, and a certificate of counsel of record that the motion is made in good faith.” Jackson’s motion meets these requirements, and therefore is a legally sufficient motion.
Accordingly, we grant the petition but find it unnecessary to issue the writ. Rather, we relinquish jurisdiction for respondent to grant Jackson’s motion for disqualification in accordance with the representations of the Response.
BERANEK and HURLEY, JJ., concur.