404 So.2d 1151 (1981)
Gregory R. BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-631.
District Court of Appeal of Florida, Fifth District.
October 21, 1981.
Gregory R. Baker, pro se.
No appearance for appellee.
COWART, Judge.
This is an appeal under Florida Rule of Appellate Procedure 9.140(g) from the summary denial of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 claiming the inadequate and ineffectual assistance of trial counsel. The motion claims that appellant's trial counsel (1) "neglected his rights of using his witnesses for trial for his own behalf" and (2) "neglected to file any pre-trial motion with the court regarding the defendant's continuously ongoing mental disorder which is marked by his often loss of contact with reality and his severe personality disintegration."
We hold these conclusory allegations to be facially insufficient and this appeal to be without merit. As to the allegations relating to counsel's failure to call unidentified witnesses to give undescribed testimony of unknown admissibility, materiality and relevancy, see Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981).
"Mental disorder," "loss of contact with reality" and "severe personality disintegration" are mere vague claims and conclusions. Unrelated to objective symptoms and to the time and place of trial, these statements are insufficient to demonstrate that defense counsel had "reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense," Fla.R.Crim.P. 3.216, and insufficient to allege a duty on the defense counsel to inform the court and to initiate the procedures provided in Florida Rules of Criminal Procedure 3.210 through 3.216.
There are those who say that most persons who commit serious crimes suffer from some degree of personality disorder, often manifested by such an aversion to truth and reality that they see their difficulties as resulting only from the faults of others and not from their own acts. Defense counsel, prosecutors and trial judges deal daily with accuseds suffering all degrees of mental disorders. A rare case escaping their combined experience, attention and powers of observation would not necessarily constitute evidence of such neglect of duty by defense counsel as to amount to ineffective assistance of counsel justifying post-conviction relief from judgment and sentence. Motions for post-conviction relief in those cases justifying a reasonable concern that such an event might have occurred should be documented by the professional opinions of doctors or trained personnel in classification centers or confinement facilities. A motion by a prisoner asserting, as the basis for his claim of ineffective assistance of counsel, his own mental incompetence at the time of *1152 trial, in general terms with no corroboration and no evidence of confirmation does not warrant or mandate an evidentiary hearing.
AFFIRMED.
DAUKSCH, C.J., and COBB, J., concur.