549 So.2d 1364 (1989)
Ian LIGHTBOURNE, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Ian LIGHTBOURNE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73609, 73612.
Supreme Court of Florida.
July 20, 1989.
Rehearing Denied October 19, 1989.
Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Martin J. McClain, K. Leslie Delk and Thomas H. Dunn, Office of the Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Richard B. Martell and Margene A. Roper, Asst. Attys. Gen., Daytona Beach, for respondent/appellee.
PER CURIAM.
Shortly before his scheduled execution, Lightbourne filed an appeal from the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and a petition for habeas corpus. Because there appeared to be some merit in *1365 his arguments in at least one of these proceedings, we entered a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.
Lightbourne's conviction of first-degree murder and sentence of death were affirmed by this Court in Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). The denial of his motion for postconviction relief was affirmed in Lightbourne v. State, 471 So.2d 27 (Fla. 1985). Lightbourne's efforts to obtain relief in federal court were also unsuccessful. Lightbourne v. Dugger, 829 F.2d 1012 (11th Cir.1987), cert. denied, ___ U.S. ___, 109 S.Ct. 329, 102 L.Ed.2d 346 (1988).
The motion for postconviction relief was denied without a hearing on the premise that as a successive motion for postconviction relief, it constituted an abuse of process and further because Lightbourne had failed to demonstrate why the claims were not raised prior to January 1, 1987, as required by rule 3.850. We affirm this order in part and reverse it in part.
Lightbourne's motion for postconviction relief alleged that the state deliberately used false and misleading testimony and intentionally withheld material exculpatory evidence. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), require that the state disclose, even in the absence of a specific demand, all material "evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial... ." Bagley, 473 U.S. at 675, 105 S.Ct. at 3380.
The thrust of Lightbourne's Brady allegations pertain to two cellmates, Theodore Cleveland Chavers and Theophilus Carson, both of whom testified at the trial about incriminating statements made by Lightbourne in the Marion County Jail. Lightbourne's challenge to the admissibility of Chavers' testimony was rejected on direct appeal because the trial record did not show that Chavers was acting in concert with the state in actively stimulating or instigating conversation specifically designed to elicit incriminating information. 438 So.2d at 386. However, in an affidavit dated January 29, 1989, attached to Lightbourne's motion, Chavers says that the sheriff's deputies and state attorney's personnel made it clear that they would drop several charges against him if he acted as an informant concerning Lightbourne, and that they pressed him to lie at the trial concerning what Lightbourne had said. Chavers further says that Carson, who was also in the cell, was working for the state, and the police got Carson to lie about what Lightbourne had said by dropping his charges. Lightbourne also submits an affidavit of Jack R. Hall dated January 20, 1989, who says that he was in the cell with Lightbourne the entire time and that he was the only inmate that Lightbourne would talk to. Hall refers to three trusties, including Chavers, being transferred into Lightbourne's cell and alleges he heard them discussing how they were going to get out of jail by telling the police that Lightbourne had made incriminating statements about the murder.
Accepting the allegations concerning Chavers and Carson at face value, as we must for purposes of this appeal, they are sufficient to require an evidentiary hearing with respect to whether there was a Brady violation. Moreover, we cannot say that these allegations are procedurally barred. Lightbourne's first motion for postconviction relief did not address Chavers' and Carson's testimony, and the allegations of his current motion sufficiently demonstrate that "the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence" contemplated by the exception to the time limits of rule 3.850.
Lightbourne further contended in his motion for postconviction relief that he was denied his constitutional rights because he was tried, convicted, and sentenced to death before a judge who was not impartial. He refers to Judge William Swigert who presided at his trial which was *1366 held in 1981.[1] Significantly, Judge Swigert pointed out at a motion hearing which took place before the trial that he had previously represented the victim's father and noted that defense counsel had no objection to his presiding at the trial. Lightbourne alleges, however, that Judge Swigert's financial disclosure statements show that in 1976 and 1977 he had received from Ocala Stud, Inc., which was owned by the victim's father, gifts valued at $1,000 each in the form of board and stud service for thoroughbred horses. Lightbourne asserts that had he known that Judge Swigert had received such favors from Ocala Stud, Inc., in the past, he would have sought to recuse him. We need not pass on the sufficiency of Judge Swigert's pretrial disclosure or whether the existence of these earlier gifts in kind would have presented a basis for recusal because Lightbourne has failed to demonstrate why these contentions were not made until 1989. Judge Swigert's financial disclosures have been of record for many years, and this claim is procedurally barred by the provisions of rule 3.850.
Finally, Lightbourne contends that his trial counsel was ineffective for failing to present mitigating evidence at the sentencing phase of his trial. Not only was this contention raised in Lightbourne's previous motion for postconviction relief, it is also procedurally barred by the time limits of rule 3.850.
We deny Lightbourne's petition for habeas corpus. Of the many claims presented, only one of them warrants discussion.[2] Lightbourne contends his appellate counsel was ineffective for failing to argue that the sentencing court erroneously refused to allow him to present mitigating evidence to the jury by way of introduction of the presentence investigation. The record reflects that just before the jury retired for sentencing deliberations, defense counsel asked the judge if the "factual portion of the presentence investigation" could be sent to the jury. The prosecutor pointed out that this report was "not subject to evidence in court." The judge denied the request on the ground that the report was hearsay. At the outset, Lightbourne cites no authority for the proposition that the presentence report is proper evidence to be submitted to the jury in a sentencing proceeding. In addition, the presentation of evidence had already been concluded, and it was only after the jury had been instructed and the lawyers had made their closing arguments that defense counsel made the request. Finally, we note that there were certain portions of the presentence investigation that were unfavorable to Lightbourne and that Lightbourne, himself, had testified on some of the matters covered by the report. Hence, we cannot say that appellate counsel was ineffective for failing to argue this point nor can we say that the result of the appeal would have been different had he chosen to do so. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Eleventh Circuit Court of Appeals reached the same conclusion. 829 F.2d at 1026.
*1367 We reject Lightbourne's effort to characterize the refusal to send the presentence report to the jury as a violation of the principle of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). Both the judge and the jury were aware that nonstatutory mitigating evidence could be considered in the sentencing proceeding.
We reverse that portion of the order denying the motion for postconviction relief which alleges Brady violations with respect to Chavers and Carson and remand that aspect of the case for an evidentiary hearing. In order to avoid even the appearance of partiality, the case should be assigned to a judge other than Judge Swigert. We affirm all other portions of the order denying postconviction relief. We also deny the petition for habeas corpus.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion, in which SHAW and KOGAN, JJ., concur.
BARKETT, Justice, concurring in part, dissenting in part.
I agree with the majority that Lightbourne is entitled to an evidentiary hearing on the Brady violation. However, I believe that the lower court erred by denying Lightbourne's rule 3.850 claim of judicial impartiality and that remand is required for consideration of that claim as well.
At a pretrial hearing, the trial judge disclosed on the record that he represented the victim's father prior to his assuming judicial office. What the judge did not disclose is that he received in-kind gifts exceeding $2,000, prior to Lightbourne's trial, from a business owned by the victim's father. That information, Lightbourne later discovered, was available in the judge's 1977 financial disclosure forms on file with the Secretary of State.[1] Lightbourne now asserts, that had those gifts been properly disclosed prior to trial, he would have sought to recuse the judge.
It is settled law that due process entitles persons to "an impartial and disinterested tribunal in both civil and criminal cases." Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182 (1980). Due process requires judicial "indifferen[ce] to every factor in the trial but that of administering justice." State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 698 (1938). The existence of a financial interest between the judge and individuals with a stake in the outcome is a critical factor in evaluating judicial impartiality,[2] for such an interest may create the perception of bias. In that event,
a party seeking to disqualify a judge need only show "a well grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling."
Livingston v. State, 441 So.2d 1083, 1086 (Fla. 1983) (quoting Dewell, 131 Fla. at 573, 179 So. at 697-98). Accord § 38.10, Fla. Stat. (1987). See also State ex rel. Aguiar v. Chappell, 344 So.2d 925, 926 (Fla. 3d DCA 1977) (a defendant need only demonstrate a "legally sufficient fear" of receiving an unfair trial to support disqualification).
*1368 Under the circumstances here, Lightbourne is entitled to an evidentiary hearing on the issue of judicial bias.[3]
I disagree with the majority's conclusion that this claim is procedurally barred because the financial records were available at the time Lightbourne first sought collateral relief and he neglected to raise the claim in his first motion. In so holding, the majority casts upon the defendant the affirmative duty of investigating the background of the judge to ferret out possible sources of conflict. The better position, I believe, would permit a party to assume a judge's impartiality. Where financial entanglement exists between a judge and the father of the victim of a crime, the judge should communicate that fact to the defendant at trial and not leave to chance whether a defendant will discover evidence of the relationship through an entry in a public record in Tallahassee.
SHAW and KOGAN, JJ., concur.
NOTES
[1] Judge Carven Angel ruled on Lightbourne's current motion for postconviction relief.
[2] We summarily reject the following claims as procedurally barred for not having been argued on appeal. We deny, for lack of merit, Lightbourne's contentions that his counsel was ineffective for failing to raise certain of these claims on appeal.

(1) The sentencing court erred by failing to independently weigh aggravating and mitigating circumstances.
(2) The trial court erroneously instructed the jury on aggravating circumstances that were duplicitous.
(3) The "especially heinous, atrocious, or cruel" aggravating factor was unconstitutionally applied.
(4) The "cold, calculated, and premeditated" aggravating circumstance was unconstitutionally applied.
(5) The prosecutor and the court misled and misinformed the jury concerning their proper role in the sentencing proceedings.
(6) The jury instructions could reasonably have been read as requiring the mitigating circumstances to be established beyond a reasonable doubt.
(7) The sentencing instructions unconstitutionally shifted the burden of proof to the defendant.
(8) The court's instructions misled the jurors by informing them that a verdict of life imprisonment had to be rendered by a majority of the jury.
[1] Lightbourne also criticizes the financial entanglement between the trial judge and an assistant state attorney against whom the judge held a purchase money mortgage.
[2] See Connally v. Georgia, 429 U.S. 245, 250, 97 S.Ct. 546, 548, 50 L.Ed.2d 444 (1977) (the issuance of a search warrant by a justice of the peace violates due process protections where the justice receives a fee for the issuance of a warrant and thus "has `a direct, personal, substantial, pecuniary interest' in his conclusion to issue the warrant" (citation omitted)); Ward v. Village of Monroeville, 409 U.S. 57, 58-59, 93 S.Ct. 80, 82-83, 34 L.Ed.2d 267 (1972) (trial in mayor's court before judge, who was also the chief conservator of the peace, violated defendant's due process rights where substantial portion of city's revenue was produced from court proceeds).
[3] Remand is equally required under the eighth amendment. This is so because a sentencing conducted by a partial judge creates a substantial risk that sentence will be imposed in an arbitrary and capricious manner, thus violating the principles of Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).