807 So.2d 204 (2002)
Paul Desmond GILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3867.
District Court of Appeal of Florida, Fifth District.
February 22, 2002.
*205 Paul Desmond Gillis, Raiford, Pro Se.
No Appearance for Appellee.
ORFINGER, R.B., J.
Paul Desmond Gillis appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court correctly concluded that Gillis's claims were conclusively refuted by the record, we affirm.
Gillis was charged in Orange County with robbery. He entered into a written plea agreement with the State, and was sentenced to thirty years in prison as a violent career criminal and a prison releasee offender. He did not appeal his sentence. Now, in his rule 3.850 motion, he claims that:
1. he was denied effective assistance of counsel when his counsel failed to investigate his mental competence and mental history before allowing him to plead guilty, and
2. his attorney failed to prepare a defense, and instead coerced him into entering a guilty plea to a negotiated sentence.
The written plea agreement signed by all the parties states: "I do not suffer from any physical or mental disabilities to the degree that I am incapable of understanding this agreement, the nature of the proceeding against me, or assisting my lawyer in my behalf. 1 am not under the influence of alcohol of any drug at this time." The agreement further provided that Gillis was entering his plea freely and that no one "has forced, threatened or coerced me into entering this plea." Additionally, the transcript of the plea hearing demonstrates that the trial judge asked Gillis if he had ever been treated for any mental or emotional disabilities to which he responded, "No."
Importantly, the trial judge specifically asked Gillis, "[A]re there any other witnesses that you want [defense counsel] to investigate or call or any other type of discovery or investigation that you want him to do prior to entering this plea?" Gillis answered, "No, sir." Finally, Gillis said that he was entering his plea "[f]reely and voluntarily, knowingly and intelligently," and that no one was "forcing," "coercing," or "promising" him anything to get him to enter his plea.
While an involuntary plea is a valid basis for postconviction relief, the *206 defendant has the burden of showing that the plea was not knowingly and voluntarily entered. See Mikenas v. State, 460 So.2d 359 (Fla.1984); Montgomery v. State, 615 So.2d 226 (Fla. 5th DCA 1993). A general claim by a defendant that he did not fully understand the consequences of his plea is insufficient to entitle the defendant to postconviction relief. State v. Brown, 622 So.2d 17 (Fla. 5th DCA 1993). The written plea agreement and transcript of the plea hearing attached to the trial court's order denying Gillis's postconviction motion conclusively refute the claim that his plea was not knowingly and voluntarily entered. An involuntary plea claim can be summarily denied where the record conclusively refutes the claim. See State v. Leroux, 689 So.2d 235 (Fla.1996). Finally, we agree with the trial court that Gillis's conclusory allegations that he was incompetent, unsupported by any corroborating evidence, is insufficient to state a claim for postconviction relief. Baker v. State, 404 So.2d 1151 (Fla. 5th DCA 1981).[1]
AFFIRMED.
COBB and PETERSON, JJ., concur.
NOTES
[1] Gillis filed an untimely "notice to the court" asking for an extension of time to file an initial brief. He said he needed more time to obtain records he had requested from the clerk of the circuit court (in this case "transcripts of all hearings"). As happens all too often, this is yet another defendant who does not understand the summary appellate procedure for postconviction motions. Gillis's notice of appeal was filed in the trial court on December 13, 2000, and he did not execute his "notice to the court," which requested an extension of time to file a brief until January 7, 2002. Florida Rule of Appellate Procedure 9.141(b)(2)(C) provides that "[n]o briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal." (Emphasis added). See Fleming v. State, 709 So.2d 135 (Fla. 2d DCA 1998) ("Briefs in summary appeals are now governed by rule 9.140(i) and must be filed with the appellate court within fifteen days of the filing of the notice of appeal."). The First District, in Stoutamire v. State, 703 So.2d 1065 (Fla. 1st DCA 1997), has ruled that briefs in a 3.850 appeal must be filed in fifteen days of filing of notice of appeal, and normally an extension will not be granted when the motion is filed after the time for filing the brief has expired. This court, in numerous unpublished orders, has ruled in accordance with Stoutamire.