898 So.2d 1200 (2005)
Martin HANNA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1011.
District Court of Appeal of Florida, Fifth District.
April 8, 2005.
James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Martin Hanna (defendant) appeals the mandatory minimum sentence imposed upon him under the Prison Releasee Reoffender Act (PRR Act). Concluding that the application of the Act to this case violates the ex post facto clauses of the United States and Florida Constitutions, we vacate the defendant's sentence and remand this matter to the trial court for resentencing.[1]
In case number 01-33234, the defendant entered into a negotiated plea of no contest to one count of burglary of an unoccupied dwelling, and one count of grand theft. He agreed to be sentenced on the burglary charge under the PRR Act which required the trial court to impose a 15-year mandatory minimum sentence. In exchange, the State agreed that the defendant reserved his objection that application of the PRR Act in this case violated the terms of the ex post facto clauses of the United States and Florida Constitutions. The trial court accepted the plea agreement with the reservation of the defendant's right to appeal the ex post facto issue.
The defendant challenges his PRR sentence, claiming that he should not have *1201 been designated as a prison releasee reoffender because at the time he committed his offenses, the PRR Act did not list burglary of an unoccupied dwelling as a qualifying offense. We agree.
The Florida Supreme Court, in State v. Huggins, 802 So.2d 276 (Fla.2001), held that burglary of an unoccupied dwelling did not qualify a defendant for classification as a prison releasee reoffender. In response to Huggins, the Legislature amended the statute and added burglary of an unoccupied dwelling to the list of qualifying offenses, thus making both burglary of an occupied dwelling and burglary of an unoccupied dwelling qualifying offenses. See Ch. 01-239, § 1, at 2192, Laws of Fla. However, the defendant committed his crimes before those amendments became effective on July 1, 2001, and those amendments are not retroactive. See State v. Eldredge, 801 So.2d 965 (Fla. 4th DCA 2001); Rock v. State, 800 So.2d 298 (Fla. 3d DCA 2001).
Accordingly, the defendant's 15-year mandatory minimum sentence is stricken.
Sentence AFFIRMED as modified.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] See § 775.082, Fla. Stat. (2003).