CASANUEVA, Judge.
Phillip Desmoke, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), alleges that his appellate counsel was ineffective for failing to raise on direct appeal the claim that his sentence as a prison releasee reoffender (PRR) was imposed in violation of the ex post facto clauses of the Florida and United States Constitutions. We agree. We therefore grant the petition, reverse Des-moke’s sentence, and remand for resen-tencing.
Desmoke was charged with aggravated stalking pursuant to section 784.048(4), Florida Statutes (2001). The language of the information tracked the language of the statute and alleged that, between June 22 and July 27, 2001, Desmoke did “knowingly, willfully, maliciously, and repeatedly follow or harass” the victim “after an injunction for protection against domestic violence.” Prior to the jury trial in this case, the State filed a “Notice Of Defendant’s Qualifications As A Prison Releasee Reoffender.” Desmoke moved to strike the PRR designation on the ground that a PRR sentence would violate the ex post facto clauses of the Florida and United States Constitutions. He argued that chapter 01-239, section 1, at 2193, Laws of Florida, which amended section 775.082(9)(a)(l), Florida Statutes (2000), to include individuals released from prison from another state under the definition of prison releasee reoffender, was inapplicable to him because the beginning date of the criminal activity in the case occurred *1285 prior to the effective date of the amendment. The trial court denied the motion. Desmoke was convicted as charged, and the trial court sentenced Desmoke to five years’ prison as a PRR, finding that he committed the offense within three years of his release from a New Jersey state prison. Trial counsel listed the denial of the motion to strike the PRR designation in his Statement Of Judicial Acts To Be Reviewed. Thus, not only was the sentencing issue preserved below, there is no doubt that appellate counsel was placed on notice of the issue.
Prior to July 1, 2001, a PRR was defined as a person who commits or attempts to commit any of the designated offenses “within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.” § 775.082(9)(a)(l), Fla. Stat. (2000). Effective July 1, 2001, section 775.082(9)(a)(l) was amended to add the words: “or within 3 years after being released from a correctional institution of another state, the District of Columbia, the United States, any possession or territory of the United States, or any foreign jurisdiction, following incarceration for an offense for which the sentence is punishable for more than 1 year in this state.” Ch. 01-239, § 1, at 2193, Laws of Fla.
The petitioner argues, as he did in the trial court, that because the beginning date of the criminal activity occurred prior to the effective date of the amendment, he could not be sentenced under the amendment. The offense of aggravated stalking, as charged by the State, constituted a continuing offense. The State charged, and the evidence showed, that Desmoke repeatedly harassed the victim. The conviction was based on numerous threatening phone messages left by Desmoke for the victim. The trial testimony established that Desmoke left the first of such messages on June 22.
Section 775.082(8)(e), Florida Statutes (2001), states: “Felonies, except capital felonies, with continuing dates of enterprise shall be sentenced under the sentencing guidelines or the Criminal Punishment Code in effect on the beginning date of the criminal activity.” Because Des-moke’s offense of aggravated stalking was a true continuing offense, he was subject to the version of the Criminal Punishment Code that was in existence at the time of the beginning date of the offense. See, e.g., Williamson v. State, 852 So.2d 880, 881 (Fla. 2d DCA 2003) (holding that “[b]e-cause a scheme to defraud is a true continuing offense, Williamson’s sentence is controlled by section 921.0027, Florida Statutes (2000), which applies to felonies committed on or after October 1,1998, and provides that felonies with continuing dates of enterprise are to be sentenced under the sentencing laws in effect on the beginning date of criminal activity”). The amendment to the PRR statute, which allowed for PRR sentencing where the defendant commits one of the enumerated offenses within three years from the date of his release from a correctional institution in another state, could not be utilized in sentencing Desmoke because the amendment was effective subsequent to the beginning date of the aggravated stalking. Because Desmoke was sentenced under the July 1, 2001, amendment to the PRR statute, his sentence is violative of the ex post facto laws of the Florida and United States Constitutions. See Williams v. State, 743 So.2d 1154, 1155 (Fla. 2d DCA 1999) (holding that it was an ex post facto violation to impose a PRR sentence for offenses committed prior to the effective date of the PRR Act); Hanna v. State, 898 So.2d 1200, 1201 (Fla. 5th DCA 2005) (holding that the imposition of sentence as a PRR violated ex post facto *1286 clauses, where, at the time of the commission of the offenses, the PRR Act did not list burglary of an unoccupied dwelling as a qualifying offense).
A new appeal would be redundant in this instance, and we therefore reverse Des-moke’s sentence. See Safrany v. State, 895 So.2d 1145, 1147 (Fla. 2d DCA 2005) (reversing the petitioner’s convictions and remanding with directions to strike the convictions where, in a petition alleging ineffective assistance of appellate counsel, the award of a new appeal would be redundant). We remand to the trial court to sentence Desmoke in accordance with the sentencing laws in effect at the time of the commission of the offense.
The petition is granted, the sentence is reversed, and the case is remanded with directions.
SALCINES and VILLANTI, JJ., Concur.