979 So.2d 353 (2008)
Leonard LUCKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3851.
District Court of Appeal of Florida, Fifth District.
April 11, 2008.
*354 Leonard Luckey, Orlando, pro se.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
LAWSON, J.
We grant rehearing, vacate our prior opinion filed on February 15, 2008, and substitute the following in its place.
Leonard Luckey, appearing pro se, appeals the trial court's orders denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied five of Luckey's six postconviction claims, and denied the last claim after conducting an evidentiary hearing. We affirm the summary denial of Luckey's claims two, three, four, and five, without further comment. We reverse as to Luckey's other two claims, for the reasons explained below.
Luckey was charged by amended information with burglary of a dwelling with a battery. He was tried by jury, convicted as charged and sentenced to natural life as a Prison Releasee Reoffender ("PRR").[1] His conviction and sentence were affirmed on appeal. Luckey v. State, 876 So.2d 575 (Fla. 5th DCA 2004). A mandate was issued on June 29, 2004.
Luckey filed his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on June 22, 2006. As his first issue, Luckey claimed that his counsel was ineffective for failing to request that he receive a "further" mental health examination, failing to tell the court that he was taking prescribed psychotropic medication during the trial, and also failing to request that the court instruct the jury that he was taking psychotropic medication pursuant to Florida Rule of Criminal Procedure 3.215. We read Luckey's claim as an attempt to assert that counsel was ineffective for allowing Luckey to proceed to trial while incompetent, or for failing to pursue an available insanity defense. The State pointed out and the trial court agreed that as to this claim Luckey has not asserted in his motion that he actually was incompetent to proceed to trial or insane at the time of his offense. We agree that the claim was therefore facially insufficient. Cf. Gillis v. State, 807 So.2d 204 (Fla. 5th DCA 2002) (recognizing postconviction relief movant's conclusory allegations that he was incompetent to plead guilty to robbery, unsupported by any corroborating evidence, was insufficient to state a claim for relief); Baker v. State, 404 So.2d 1151 (Fla. 5th DCA 1981) (holding a motion by a prisoner asserting, as basis for his claim of ineffective assistance of counsel, his own mental incompetence at time of trial, in general terms with no corroboration and no evidence of confirmation did not warrant or *355 mandate evidentiary hearing on motion for postconviction relief).
However, the Florida Supreme Court has recently ruled that a defendant who files a legally insufficient rule 3.850 motion should be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected. See Spera v. State, 971 So.2d 754 (Fla.2007). Although the trial court denied Luckey's motion prior to the issuance of Spera, this case was in the appellate "pipeline" when Spera was decided. Therefore, Spera applies. See Smith v. State, 598 So.2d 1063, 1066 (Fla.1992).
In his sixth claim, Luckey contends that his trial counsel was ineffective for failing to warn him that he faced a mandatory term of life imprisonment as a PRR if he rejected the State's fifteen-year plea offer in favor of going to trial. An evidentiary hearing was held on the matter. Our review of the transcript of this hearing raises substantial competency concerns that the trial court should have addressed before proceeding further. At the start of the proceeding, Luckey claimed that he did not understand why he was in court or what was going on. He offered to plead guilty to whatever charges he was there to address, and repeatedly noted that he had just been transported from the "psych" unit. When questioned about whether he had any discussions with his trial counsel about plea offers by the State or whether he recalled any discussion about being a PRR, Luckey stated that he did not recognize his trial counsel, James Caldwell, who was present at the hearing. Luckey could not recall going to trial on a burglary charge, and claimed to be unaware that he had received a life sentence. Luckey also repeatedly informed the court that he was taking medication for his mental condition and asked if he could come back to court after the next dose of medswhen he might be able to understand what was going on and why he was there. Under these circumstances, the trial court should have addressed Luckey's mental competence before proceeding with an evidentiary hearing on Luckey's claim. Cf. Fla. R.Crim. P. 3.210; Boyd v. State, 910 So.2d 167, 186-88 (Fla.2005) (recognizing trial courts are to order competency hearings whenever it appears necessary based on the defendant's history or behavior in court); Molina v. State, 946 So.2d 1103 (Fla. 5th DCA 2006) (holding a trial court's failure to order a competency hearing on its own motion whenever it has reasonable grounds to believe that the defendant is not competent to proceed constitutes an abuse of discretion).
The State argues that we should affirm the trial court's findings as to Luckey's sixth claim, despite Luckey's potential mental incompetence during the hearing on that claim, because proceedings under Florida Rule of Criminal Procedure 3.850 are civil in nature, and the rules of criminal procedure relating to competency therefore do not apply in criminal postconviction proceedings. See Jackson v. State, 452 So.2d 533 (Fla.1984). While technically correct, this argument overlooks the fact that Luckey was still entitled to basic due process in the handling of his postconviction evidentiary hearing. Jones v. State, 740 So.2d 520 (Fla.1999). Due process "envisions a court that `hears before it condemns, proceeds upon inquiry, and renders judgment only after proper consideration of issues advanced by adversarial parties. In this respect the term `due process' embodies a fundamental conception of fairness that derives ultimately from the natural rights of all individuals.'" Id. at 523 (quoting Scull v. State, 569 So.2d 1251, 1252 (Fla.1990)). "Procedural due process, therefore, requires adequate notice and an opportunity to be heard `at a *356 meaningful time and in a meaningful manner.'" Id. (quoting Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)). There is no sense in which a hearing can be labeled "meaningful" when a person is lead into a courtroom and told to present his evidence if that person is so mentally incompetent at the time that he cannot even comprehend why he is there. Luckey was purportedly representing himself at a hearing which, were we to affirm, would have been his only shot at presenting evidence on a facially sufficient postconviction claim challenging his conviction and mandatory life sentence. At a minimum, he presumably would have presented his own testimony, in support of that claim, had he been competent to do so. It is quite obvious to us that the requirements of due process were not satisfied just because Luckey was in the room when the hearing proceededwith the trial court unsuccessfully attempting to focus Luckey on the issues relevant to his claim, and with only the State's evidence presented. Cf. Carter v. State, 706 So.2d 873 (Fla.1997) (recognizing that due process considerations may require a trial court to address issues relating to a defendant's mental competence under certain circumstances in postconviction death penalty proceedings).
In Carter, the Florida Supreme Court noted that the rules for determining competency in criminal cases should be used as a guide when a trial court is required by due process considerations to address competency in the civil context of postconviction proceedings.[2] Although the holding of Carter is limited to death penalty cases, the same basic due process considerations apply here as well. Therefore, we hold that the trial court erred by proceeding with the evidentiary hearing without first addressing Luckey's mental competence.
Accordingly, we affirm the trial court's denial of Luckey's claims two, three, four and five, and reverse its denial of the other two claims. We remand for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
TORPY and COHEN, JJ., concur.
NOTES
[1] § 775.082(9), Fla. Stat. (2003).
[2] The supreme court later approved an amendment to Florida Rule of Criminal Procedure 3.851, adding a subsection (now subsection (g)), expressly addressing competency determinations during the postconviction process for death penalty cases, consistent with its holding in Carter.