PLEUS, J.
Appellant Michael Williamson appeals the trial court’s order entered on his “Motion to Define or Clarify Sentence” filed pursuant to Florida Rule of Criminal Procedure 3.700(a). The issue raised by Williamson is the propriety of his PRR designation. We treat the motion as a motion to correct illegal sentence under Rule 3.800. Because the record is not clear on whether the trial court sentenced Williamson as a PRR on a non-qualifying offense, we reverse the order and remand the case for attachment of those portions of the record which conclusively establish that Williamson is not entitled to relief, or for resentencing to remove the PRR designation, or to allow the State to withdraw from the plea agreement.
Williamson was charged with burglary of a dwelling and grand theft third degree. In exchange for a plea to a lesser sentence, Williamson allegedly agreed that he qualified for PRR sentencing and would be sentenced as a PRR offender, but on a lesser included offense, burglary of a structure. Thus, his minimum mandatory sentence was reduced from 15 years to five years in exchange for the plea. The trial court accepted Williamson’s plea and sentenced him as a PRR to the mandatory minimum, five years in prison.
Williamson alleges that he pled to burglary of an unoccupied structure, which is not a qualifying offense under the PRR statute, but did not attach any portion of the record to support that contention. The trial court concluded that Williamson pled to burglary of an occupied structure, which is a qualifying offense, but it too failed to attach record support. Williamson received a mandatory five year PRR sentence, which means that he was sentenced for a third degree felony. See § 775.082(9)(a)(3)(d), Fla. Stat. (2007). A third degree felony under the burglary statute is burglary of an unoccupied structure. See §§ 775.072(9)(a)(3)(b); 810.02(3)(c), (4)(a), Fla. Stat. (2007). Therefore, it appears that Williamson plead to burglary of an unoccupied structure, which is not a qualifying offense under the PRR statute. See *1242 § 775.082(9)(a)(l)(q); Hanna v. State, 898 So.2d 1200 (Fla. 5th DCA 2005).
An agreement to be sentenced as a PRR on a non-qualifying offense cannot be enforced. Swiggum v. State, 843 So.2d 1041 (Fla. 2d DCA 2003).
Because it cannot be determined on the record whether Williamson pled to burglary of an occupied or an unoccupied structure, we remand for attachment of those portions of the record conclusively establishing that Williamson is not entitled to relief, or for resentencing to remove the PRR designation, or allow the State to withdraw from the plea agreement. See Walker v. State, 955 So.2d 1199 (Fla. 5th DCA 2007).
REVERSED and REMANDED with directions consistent with this opinion.
MONACO and TORPY, JJ., concur.