DAVIS, Judge.
Gary E. Cochran challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Cochran raised numerous claims of ineffective assistance of counsel in the motion. We affirm without comment the summary denial of all but one claim.[1]
Cochran was indicted for first-degree murder. The State sought the death penalty; however, Cochran entered a negotiated plea to the charge in exchange for a sentence of life imprisonment. In the first ground of his rule 3.850 motion, Cochran alleged that if his counsel had filed and adequately pursued a motion to determine mental retardation as a bar to execution pursuant to Florida Rule of Criminal Procedure 3.203(d), the trial court would have found him ineligible for execution. He therefore alleges that his plea was involuntary; he would not have pleaded to the charge but would have proceeded to trial but for the possibility of facing the death penalty. This constitutes a facially sufficient claim for relief. See Davis v. State, 15 So.3d 770, 773 (Fla. 2d DCA 2009) (concluding that a claim of ineffective assistance of counsel for failing to investigate a defense that alleges both a deficient performance and that the defendant would not have entered the plea absent counsel’s failure states a facially sufficient claim that requires record evidence or an evidentiary hearing to refute).
The postconviction court summarily denied this claim, finding that trial counsel had thoroughly investigáted Cochran’s mental health. The attachments to the postconviction court’s order include only motions and orders regarding the appointment and payment of experts. These documents indicate that trial counsel investigated Cochran’s alleged mental retardation. However, they give no indication *1118 as to the experts’ opinion regarding his mental status. Thus, the attachments do not refute Cochran’s claim that his plea was involuntary. We therefore reverse the denial of this claim and remand to the postconviction court for further proceedings. Should the postconviction court again summarily deny this claim, it shall attach those portions of the trial court record that conclusively refute the claim; otherwise it shall conduct an evidentiary hearing on the issue.
Affirmed in part, reversed in part, and remanded.
VILLANTI and LaROSE, JJ., Concur.

. We also affirm without comment the post-conviction court's denial of Cochran's motion to appoint counsel and motion for leave to amend.