SAWAYA, J.
Appellant Christopher L. Binney (“Bin-ney”) was convicted of aggravated battery causing great bodily harm, enhanced to a first-degree felony by the use of a firearm. He was sentenced in accordance with his plea to fifteen years in prison as a prison releasee reoffender. On April 1, 2010, he filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, enumerating seven grounds for relief. The lower court summarily denied the motion. Of the numerous assertions of error raised by Bin-ney, we believe that four warrant reversal and remand for further proceedings.
*384 First, Binney contends that he does not qualify for sentencing as a prison release reoffender (“PRR”) and his sentence is therefore illegal. We reverse the order denying relief and remand for attachment of those portions of the record that conclusively establish that Binney qualifies for PRR sentencing or for resentencing to remove the PRR designation. Williamson v. State, 988 So.2d 1240, 1242 (Fla. 5th DCA 2008).
Second, Binney contends that he received ineffective assistance ■ of counsel because of trial counsel’s failure to inform him that the State’s “key” eyewitness, James Merrill, Jr., had testified at his deposition that he had not, in fact, witnessed the attack that formed the basis of Binney’s charges. Third, Binney claims that his plea was obtained by the production of a “falsified” scoresheet, which indicated that he could receive forty years in the Department of Corrections were he to go to trial. As to these two claims, we reverse the order denying relief and remand this case to the trial court for an evidentiary hearing or the attachment of documents that conclusively refute these claims.
Fourth, Binney claims that his trial counsel was ineffective for failure to advise him of an insanity defense. This claim is facially insufficient because Binney failed to allege that he was actually insane when the offense was committed and failed to attach corroborating evidence. See Luckey v. State, 979 So.2d 353 (Fla. 5th DCA 2008); Gillis v. State, 807 So.2d 204 (Fla. 5th DCA 2002); Baker v. State, 404 So.2d 1151 (Fla. 5th DCA 1981). It is not apparent that these defects cannot be corrected, however, so Binney is entitled to the opportunity to replead this claim. See Luckey, 979 So.2d at 355 (citing Spera v. State, 971 So.2d 754 (Fla.2007)).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
MONACO, C.J. and LAWSON, J., concur.