*1216
 
 MORRIS, Judge.
 

 Stacy Lee Watts appeals the order summarily denying his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of Watts’s original 3.850 motion. We also affirm the denial of claims one and three of Watts’s amended 3.850 motion.
 
 [1]
 
 However, we reverse and remand on claim two of Watts’s amended 3.850 motion because the post-conviction court failed to address it.
 

 Watts was originally convicted of carjacking, aggravated fleeing to elude, driving with a suspended license, and possession of paraphernalia. He was sentenced as a habitual offender to life in prison for carjacking, a concurrent thirty years in prison for aggravated fleeing to elude, one year in county jail for driving with a suspended license, and time served for possession of paraphernalia.
 

 In claim two of Watts’s amended 3.850 motion, he alleged that trial counsel was ineffective for failing to investigate Watts’s mental health and for failing to seek a competency determination. Such a claim is cognizable in a rule 3.850 motion,
 
 see Demarco v. State,
 
 31 So.3d 975, 976 (Fla. 2d DCA 2010) (“[T]he narrow argument that counsel was ineffective for failing to raise a defendant’s competency is cognizable in a rule 3.850 motion.”), and we conclude that the claim was not conclusively refuted by the record excerpts attached to the postconviction court’s order,
 
 see Houle v. State,
 
 74 So.3d 143, 144 (Fla. 1st DCA 2011). Consequently, we remand to the postconviction court to either attach the portions of the record that conclusively refute claim two of Watts’s amended 3.850 motion or to hold an evidentiary hearing on that claim.
 
 See Coley v. State,
 
 74 So.3d 184, 185 (Fla. 2d DCA 2011);
 
 Cochran v. State,
 
 46 So.3d 1116, 1118 (Fla. 2d DCA 2010).
 

 Affirmed in part, reversed in part, and remanded.
 

 CASANUEVA and LaROSE, JJ., Concur.
 

 [1]
 

 . These two claims alleged that the trial court erred by failing to have Watts examined by at least three mental health experts and by failing to hold a competency hearing. Because these claims consist of allegations of trial court error, they are procedurally barred.
 
 See Whitfield v. State,
 
 923 So.2d 375, 378-79 (Fla.2005) (holding that a claim that appellant’s rights under
 
 Ake v. Oklahoma,
 
 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), were violated by failing to obtain an adequate mental health examination was a claim that should have been raised on direct appeal).