IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TODD HANNIGAN,

     Appellant,

 v.                                      Case No.  5D16-1958

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed September 30, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

Todd Hannigan, Sneads, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Todd Hannigan appeals the trial court's order summarily denying his motion for

postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850.  We

affirm the denial of Hannigan's motion, except as to claim one.

In his first claim, Hannigan asserted that his trial counsel was ineffective for failing

to object to the court's requirement that Hannigan be placed in leg shackles throughout

the trial. Quoting *Jones v. State*, 998 So. 2d 573, 588 (Fla. 2008), the trial court found this claim to be meritless because "[a]bsent allegations that the actual jurors were exposed to [Hannigan] in shackles, he cannot demonstrate prejudice."

A defendant who has filed a legally insufficient rule 3.850 motion must be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected. *Luckey v. State*, 979 So. 2d 353, 355 (Fla. 5th DCA 2008) (citing *Spera v. State*, 971 So. 2d 754 (Fla. 2007)); Fla. R. Crim. P. 3.850(f). Although Hannigan alleged in his postconviction motion that shackling is inherently prejudicial and that his counsel should have objected and required that the court hold a hearing before shackling Hannigan, he did not allege in his motion that the jurors were exposed to him in shackles. Because this pleading deficiency in claim one may be correctable, we reverse the summary denial and remand with directions that the trial court provide Hannigan sixty days to amend claim one of his motion, if, in good faith, he can do so.

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA, TORPY and LAMBERT, JJ., concur.