IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JASON TUREM,

      Appellant,

v.                                      Case No.  5D17-552

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 19, 2017

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Jason Turem, Live Oak, pro se.

No Appearance for Appellee.

PER CURIAM.

Jason Turem appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.  Turem raised nine grounds for relief in his motion, although several of these grounds are repetitive.  We affirm the postconviction court's summary denial of ground four and the "second" ground six[1] without further

---

[1] Turem listed eight numbered grounds for relief in his motion but inadvertently asserted ground six twice, with the "second" ground six being an allegation that his counsel was ineffective for failing to seek a hearing pursuant to *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

discussion. As to grounds one, two, three, five, and seven, for the reasons explained below, we treat these separate grounds as one single claim and reverse for the lower court to either hold an evidentiary hearing or attach additional court records to its order to conclusively refute this claim. We reverse the denial of Turem's "first" numbered ground six where Turem alleged that his counsel was ineffective for failing to investigate and raise an insanity defense for being facially insufficient, and we remand to allow Turem an opportunity to amend this claim. Finally, because we are reversing the summary denial of more than one individual claim, we also reverse the denial of ground eight, which is a cumulative error claim.

In 2014, Turem entered a nolo contendere plea to one count of aggravated stalking. The trial court accepted his plea and sentenced Turem to serve ten years in prison, with the sentence being suspended upon Turem's successful completion of five years of drug offender probation. Turem was subsequently arrested and charged with criminal mischief in two separate cases, which also resulted in a violation of his aforementioned probation. In January 2015, Turem appeared before the trial court, with counsel, and tendered a nolo contendere plea to the criminal mischief charges. Turem also admitted to violating his probation. The court accepted Turem's pleas and sentenced him to serve ten years in prison for the aggravated stalking conviction and to concurrent five-year prison sentences for the criminal mischief convictions.

In grounds one, two, three, five, and seven of his postconviction motion, Turem essentially asserted, under various theories, that his trial counsel was ineffective because Turem was mentally incompetent at the time of his plea, counsel allowed him to enter his plea while incompetent, and despite Turem informing counsel of his condition and despite

2

making repeated requests, counsel failed to have Turem evaluated for his competency. Turem alleged that he suffered from long-standing mental illnesses, including bipolar disorder, "multiple personality," and schizoaffective personality and that he also attempted suicide while being held in the county jail on these charges. Turem also alleged and listed multiple psychotropic medications that he takes, which he claimed caused him to be "heavily medicated" at the time of his plea. Turem further alleged that he was "hearing voices, seeing hallucinations," was "in and out of reality," "disoriented," "did not know where [he] was or what he was doing," was suffering from "amnesia," and that he did not understand the nature of his charges and the consequences of his plea. Turem pointed out that in the sentencing memorandum filed with the trial court, his counsel acknowledged that Turem has received treatment for a number of mental illnesses for most of his adult life and that, in arguing for mitigation, counsel wrote that Turem's capacity to appreciate the criminal nature of his conduct or to conform that conduct to the requirements of the law was substantially impaired.

"[A] postconviction court is required to conduct an evidentiary hearing [on a rule 3.850 motion for postconviction relief] unless the motion and record conclusively demonstrate that the movant is not entitled to the requested relief, or the motion is legally insufficient." *Nelson v. State*, 73 So. 3d 77, 84 (Fla. 2011) (citing *Jacobs v. State*, 880 So. 2d 548, 553 (Fla. 2004); Fla. R. Crim. P. 3.850(d)). Additionally, where no evidentiary hearing is held, the defendant's factual allegations in the motion must be accepted as true to the extent that they are not refuted by the record. *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) (citing *Lightbourne v. Dugger*, 549 So. 2d 1364, 1365 (Fla. 1989)).

3

A claim that counsel failed to investigate a defendant's mental health and failed to seek a competency determination is cognizable in a rule 3.850 motion. *Watts v. State*, 82 So. 3d 1215, 1216 (Fla. 2d DCA 2012) (citing *Demarco v. State*, 31 So. 3d 975, 976 (Fla. 2d DCA 2010)). Here, although Turem's allegations and theories of ineffective assistance of counsel on this claim encompassed several grounds, we conclude that Turem set forth one facially sufficient claim. *See Hird v. State*, 204 So. 3d 483, 485 (Fla. 5th DCA 2016) (citing *Jackson v. State*, 29 So. 3d 1161, 1162 (Fla. 1st DCA 2010) (concluding that a defendant's claim was facially sufficient where the defendant "allege[d] that he was incompetent and did not understand the consequences of his plea, that he had a history of mental illness, had not taken his schizophrenia medication, was suffering from delusions and hearing voices at the time of his plea and that he informed counsel of his condition")).

In summarily denying these aggregate claims, the postconviction court attached to its order a copy of the twelve-page transcript of the change of plea hearing. At this hearing, counsel stated to the court that Turem had a well-documented history of mental illness, but that he had been more cooperative since being administered his medications at the jail. The extent of the inquiry into Turem's competency at the plea hearing was the court asking counsel if Turem was competent and counsel's response, "I believe so." No inquiry was made directly of Turem as to his mental condition at the time of the plea, whether he was regularly taking his psychotropic medications and, if so, whether those medications interfered or assisted with his ability to knowingly, intelligently, and voluntarily enter his plea.

4

Turem, as the movant, has the burden to establish that he was mentally incompetent at the time of his plea. *Thompson v. State*, 88 So. 3d 312, 320 (Fla. 4th DCA 2012). Moreover, "[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Id.* at 319 (quoting *Card v. Singletary*, 981 F.2d 481, 487–88 (11th Cir. 1992)). "Further, a suicide attempt is not alone sufficient to raise a question about competency to stand trial." *Id.* at 321 (citing *Nelson v. State*, 43 So. 3d 20, 29 (Fla. 2010)). However, in this case, due to Turem's lengthy and documented history of mental illness, known by both his counsel and the court, we find that the colloquy and the abbreviated discussion on the record does not conclusively refute the factual allegations of Turem's claim.

In the "first" ground six of his motion, Turem alleged that his counsel was ineffective for failing to adequately investigate an insanity defense. However, because Turem did not allege in his motion that he was insane at the time he committed his criminal offenses, resulting in the violation of his probation, this claim is facially insufficient. *See Luckey v. State*, 979 So. 2d 353, 354 (Fla. 5th DCA 2008) (holding that the defendant's failure to allege in a rule 3.850 motion that he was insane at the time of the offense renders the claim facially insufficient (citing *Gillis v. State*, 807 So. 2d 204 (Fla. 5th DCA 2002); *Baker v. State*, 404 So. 2d 1151 (Fla. 5th DCA 1981))). Because this pleading defect may be correctable, Turem is entitled to at least one opportunity to correct this deficiency. *See id.* at 355 (citing *Spera v. State*, 971 So. 2d 754 (Fla. 2007)).

Finally, we reverse the summary denial of ground eight and remand for reconsideration based upon our reversal here of the individual claims. *See Legrande v.*

*State*, 206 So. 3d 146, 147 (Fla. 5th DCA 2016) ("As two of Legrande's claims require reversal for attachment of the record or evidentiary hearing, we also remand ground six, which alleges cumulative error, for further consideration.").

In sum, we: (1) treat grounds one, two, three, five, and seven of Turem's motion as one claim and reverse and remand for an evidentiary hearing or attachment of additional records to conclusively refute this claim; (2) reverse the summary denial of the "first" ground six, a facially insufficient claim, and remand for the entry of an order allowing Turem sixty days to amend this claim, if he can do so in good faith; and (3) reverse the summary denial of Turem's cumulative error claim and remand for further consideration. We affirm on all other grounds.[2]

AFFIRMED in part; REVERSED in part; and REMANDED.

COHEN, C.J., ORFINGER, and LAMBERT, JJ., concur.

---

[2] To the extent that Turem separately asserted claims of trial court error or "newly discovered" evidence in grounds one, two, three, five, and seven of his motion, we affirm the summary denial of those aspects of the claims.