PER CURIAM.
We reverse in part the trial court’s summary denial of appellant’s motion for post-conviction relief. We conclude that several claims of ineffective assistance of counsel were not conclusively refuted and require record attachments or an evidentiary hearing.
First, claims 4, 5, 6, and 7 all stated facially sufficient claims of ineffective assistance for failure to call witnesses. See Nelson v. State, 875 So.2d 579 (Fla.2004). These claims were not conclusively refuted by the attachments to the state’s response which were incorporated into the order of denial.
Second, appellant alleges that counsel refused to allow him to testify and threatened and pressured him such that he feared counsel would abandon the case mid-trial if he did not follow counsel’s advice. This, too, is not refuted by the record, because in the court’s colloquy with appellant at trial regarding his “decision” not to testify, no inquiry was made about threats to withdraw. See Tyler v. State, 793 So.2d 137 (Fla. 2d DCA 2001).
Third, appellant also makes a claim that his statement to the police should have been suppressed because of deficient Miranda warnings. See Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004). This, too, is not conclusively refuted by the record.
*1285 Finally, appellant alleged that counsel was ineffective for failing to seek dismissal of counts two and three of the information as violative of double jeopardy. We agree that his allegations are legally sufficient as to count three but not as to count two. The claim as to count three requires the attachment of record evidence which conclusively refutes the allegations.
We reverse the summary denial and remand for the trial court to attach portions of the record that conclusively refute the foregoing allegations we have identified as legally sufficient, or for an evidentiary hearing on these allegations. As to the other claims made by appellant, we affirm their summary denial.
SHAHOOD, C.J., WARNER and STEVENSON, JJ., concur.