PER CURIAM.
Oberist Saunders (defendant) appeals the trial court’s order summarily denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. For reasons set forth below, *844 grounds I, II, and III are remanded to the trial court to either attach record documents that will conclusively refute the grounds or to conduct an evidentiary hearing. We affirm as to ground IV.
The defendant was charged with trafficking in oxycodone (Count I), unlawful use of a two-way communication device (Count II), possession of a controlled substance (Count III), possession of less than 20 grams of cannabis (Count IV), and possession of drug paraphernalia (Count V). He entered a plea of no contest to Count I and adjudication was withheld on Counts II through V. His plea was an open plea and included a substantial assistance provision. Thereafter, the defendant was unable to fulfill his agreement to assist the State and he was arrested on new charges. He then entered a new plea of no contest and was sentenced to a mandatory minimum of three years in the Department of Corrections. The defendant did not file a direct appeal, but he filed a motion seeking post-conviction relief, raising four grounds. The trial court summarily denied all claims, but the court did not attach any documents to its denial order. This appeal followed.
“[T]o prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel’s performance was deficient-i.e., unreasonable under prevailing professional norms; and (2) that the deficiency prejudiced the defense-i.e., that there is ‘a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Jones v. State, 998 So.2d 573, 582 (Fla.2008). See also Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“A reasonable probability is a probability sufficient to undermine confidence in the outcome”). A defendant is entitled to receive an eviden-tiary hearing on a motion for post-conviction relief unless (1) the motion, records, and files in the case conclusively show that the defendant is not entitled to relief, or (2) the motion for a particular claim is invalid on its face. See Phillips v. State, 894 So.2d 28 (Fla.2004).
In ground I of his motion, the defendant argued that his trial counsel was ineffective for failing to advise him of, and to pursue, all available defenses. The State properly concedes error on this ground, since no documents were attached to the trial court’s order that conclusively showed that the defendant was not entitled to receive post-conviction relief on this ground. See Hill v. State, 611 So.2d 115 (Fla. 5th DCA 1993) (explaining that, in summarily denying a rule 3.850 motion, the trial court must attach portions of the record that refute the defendant’s claim).
In ground II, the defendant argued that trial counsel was ineffective for failing to inquire into his competency and to inform the trial court about his mental health issues. Once again the State properly concedes error since no documents were attached to the trial court’s order that conclusively showed that the defendant was not entitled to receive relief. Hill.
In ground III, the defendant asserted that his trial counsel was ineffective for permitting him to enter an involuntary plea due to his mental illness and use of medication. The record does not include a transcript of the plea colloquy from which this court can determine whether the defendant voluntarily entered into his plea. Nor can it be established from the record whether the defendant was taking medications at the time of his plea and whether those medications interfered with his ability to enter his plea knowingly, intelligently, and voluntarily. Accordingly, the trial court also erred in summarily rejecting this ground. See Young v. State, 789 So.2d 1160 (Fla. 5th DCA 2001)(reversing *845 and remanding for further proceedings where a claim was not conclusively refuted by the record and the record did not provide a transcript of the plea hearing).
In ground IV, the defendant alleged that he was entitled to receive post-conviction relief based on newly discovered evidence. Specifically, he alleged that he was diagnosed with hypothyroidism. However, he did not claim that he had this disease or experienced symptoms from this condition during the commission of the offense, at the time of his plea, or at the time of sentencing. Accordingly, he failed to show how this alleged newly discovered evidence would have changed the outcome of the proceedings in this case.
We affirm as to ground IV, and reverse and remand as to grounds I, II and III. On remand, the trial court must either attach records that will conclusively refute these grounds or conduct an evidentiary hearing.
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER, LAWSON and WALLIS, JJ., concur.