PER CURIAM.
Carlos Burgos appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds One, Two, Three, Five, and Six. Because Grounds Four,’ Seven, and Eight are facially sufficient and not' conclusively refuted by the record attachments, we reverse the summary denial of those grounds and remand for the trial court to either attach portions of the record specifically refuting the claims or hold an evidentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” (citing Maharaj v. State, 684 So.2d 726 (Fla.1996))).
*573 AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, PALMER and BERGER, JJ., concur.