EDWARDS, J.
Appellant, Oberist Saunders, appeals the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. This Court previously affirmed in part, and reversed in part, with the matter remanded for an evidentiary hearing or attachment of the records as to three of the four claims raised by Saunders. On remand, the trial court again summarily denied the motion with case documents attached to its order. However, the attachments do not conclusively refute two of the claims asserted by Appellant. Commendably, the State concedes that an evidentiary hearing is required on claims 1 and 2. We affirm as to claim 3, but reverse the summary denial and remand for an evidentiary hearing on claims 1 and 2.
In 2013, Saunders filed his second amended motion for postconviction relief pursuant to rule 3.850, in which he alleged: 1) counsel was ineffective for failing to advise Saunders or investigate viable defenses, including those related to entrapment; 2) counsel was ineffective for failing to inquire into Saunders’ competency to enter a plea; 3) the plea was involuntary due to his mental illness and use of prescription medications; and 4) newly discovered evidence that Saunders was suffering mental defects before, during and after the offense and throughout the proceedings. The trial court denied the motion, and Saunders timely appealed. This Court affirmed thé trial court’s order denying relief as to claim 4, but reversed and remanded claims 1, 2, and 3 for' the trial court to ‘attach records conclusively refuting the claims or for an evidentiary hearing. Saunders v. State, 148 So.3d 843 (Fla. 5th DCA 2014). On remand, the trial court subsequently entered an order, with record attachments, summarily denying claims 1, 2, and 3.
We find that claim 1, ineffective assistance of counsel for misadvising Appellant that “there are no laws against entrapment,” is not conclusively refuted by the record attachments. The plea colloquy reflects that the trial court did not ask Appellant if he and trial counsel had discussed entrapment; therefore, this is remanded for an evidentiary hearing. See Hayes v. State, 120 So.3d 640, 641 (Fla. 2nd DCA 2013) (remanding for an eviden-tiary hearing because the trial court did not ask the defendant specifically whether his attorney had discussed entrapment as a defense, and therefore his postconviction claim was not refuted by the transcript of the plea colloquy). We remand for an evidentiary hearing on claim 1.
Claim 2 asserts that trial counsel should have investigated Appellant’s competency to proceed at the October 15, 2008 sentencing hearing, based on events that began on July 24, 2008. A claim that counsel was ineffective for failing to investigate defendant’s competency is cognizable in a Rule 3.850 motion. Thompson v. *57 State, 88 So.3d 312, 318-319 (Fla. 4th DCA 2012). When it summarily denied claim 2 for the second time, the trial court relied on a June 2009 report by Dr. Alan Berns, which was prepared in another case, well after the sentencing in this case. Furthermore, there is nothing in the attached sentencing hearing transcript as to any mental health inquiry. Because claim 2 is not conclusively refuted by the attached record, we remand for an evidentiary hearing.
When we reversed and remanded this case for further consideration of claim 3, we noted that the record previously attached did not include a transcript of the plea colloquy, which in turn prevented us from determining if proper inquiry had been made into whether Saunders “was taking medications at the time of his plea, and whether those medications interfered with his ability to enter his plea knowingly, intelligently and voluntarily.” Saunders, 148 So.3d at 844. The trial court has now included a copy of the plea colloquy in which Appellant is asked about and denies that he is taking any medication that affects his thinking. We find that claim 3 is conclusively refuted by the attached record.
Accordingly, we affirm as to claim 3, but reverse and remand for an evidentiary hearing to consider and resolve claims 1 and 2.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
EVANDER and LAMBERT, JJ., concur.