IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JABARI MARKEITH HIRD,

      Appellant,

 v.                                    Case No.  5D15-4408

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 15, 2016

3.850 Appeal from the Circuit
Court for Orange County,
Keith A. Carsten, Judge.

Jabari Markeith Hird, Butner, NC, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

Appellant, Jabari Hird, appeals the postconviction court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion.  Appellant's amended motion asserted, in four separate grounds, that he was prejudiced by the ineffective assistance of his counsel in connection with the entry of a nolo contendere plea.  We affirm the lower court's summary denial of grounds two, three, and four.  We find, and the State concedes, that

the lower court erred in summarily denying ground one of Appellant's motion. We reverse that portion of the order and remand for the postconviction court to either attach records that conclusively refute Appellant's claim or, if such records are not available, to conduct an evidentiary hearing.

"The standard of review of a summary denial of a rule 3.850 motion is de novo." *Lebron v. State*, 100 So. 3d 132, 133 (Fla. 5th DCA 2012) (citing *McLin v. State*, 827 So. 2d 948, 954 (Fla. 2002)). To uphold the summary denial, "the claims must be either facially invalid or conclusively refuted by the record*." Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) (citing Fla. R. Crim. P. 3.850(d)); *see also Freeman v. State,* 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the [defendant] is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citations omitted)). "[W]here no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record." *Peede,* 748 So. 2d at 257 (citing *Lightbourne v. Dugger*, 549 So. 2d 1364, 1365 (Fla. 1989)).

In ground one of his amended motion, Appellant alleged that his trial attorney allowed Appellant to enter a plea despite knowing that he was under the influence of antipsychotic medication. Appellant asserted that he informed defense counsel and provided medical documents that confirmed that the medications were negatively affecting him to the extent that he did not understand what was occurring. Appellant also alleged that he was hearing voices and hallucinating at his plea hearing and could not stand without assistance. Further, in an affidavit, Appellant's brother stated that he spoke

with defense counsel about Appellant's mental health issues and use of antipsychotic medication. Appellant's motion essentially claimed that counsel misadvised him to enter a plea while he was substantively incompetent and that but for the ineffective assistance of counsel, he would have insisted on a trial instead of pleading nolo contendere. *See Thompson v. State*, 88 So. 3d 312, 316 (Fla. 4th DCA 2012).

Ground one of Appellant's amended motion set forth a facially sufficient claim. *See Jackson v. State*, 29 So. 3d 1161, 1162 (Fla. 1st DCA 2010) (concluding defendant's claim was facially sufficient where the defendant "allege[d] that he was incompetent and did not understand the consequences of his plea, that he had a history of mental illness, had not taken his schizophrenia medication, was suffering from delusions and hearing voices at the time of the plea and that he informed counsel of his condition").

Further, the record does not conclusively refute Appellant's claim. In *Saunders v. State*, 148 So. 3d 843 (Fla. 5th DCA 2014), "the defendant asserted that his trial counsel was ineffective for permitting him to enter an involuntary plea due to his mental illness and use of medication." 148 So. 3d at 844. This Court reversed the summary-denial because "the record [did] not include a transcript of the plea hearing from which [the] court [could] determine whether the defendant voluntarily entered his plea" or "whether the defendant was taking medications at the time of his plea, and whether those medications interfered with his ability to enter his plea knowingly, intelligently, and voluntarily." *Id.*

Similarly, here, the lower court did not attach transcripts of the plea or sentencing hearings or the waiver of rights form, which might have established whether the issue of Appellant's medications, mental health, and competency to enter his plea were ever addressed. We reverse that part of the order that summarily denied the claim for relief

3

set forth as ground one, and remand for the postconviction court to either attach records which conclusively refute that claim, or if such records are not available, to conduct an evidentiary hearing. *See Burgos v. State*, 181 So. 3d 572 (Fla. 5th DCA 2015).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

SAWAYA and EVANDER, JJ., concur.