IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUDE B. LAHENS,

      Appellant,

 v.                                       Case No.  5D15-2569

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 2, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Renee A. Roche, Judge.

Jude B. Lahens, Clermont, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel A. Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.

PALMER, J.

      Jude Lahens (the defendant) appeals the final order entered by the post-conviction court denying his motion for post-conviction relief. See Fla. R. Crim. P. 3.850. Because the post-conviction court erred in summarily denying three of the defendant's claims for relief, we reverse as to those claims. We affirm as to all other claims.

      The defendant was convicted of attempted second-degree murder and aggravated battery with a weapon. He appealed his judgment, and we affirmed. Lahens v. State, 91

So. 3d 152 (Fla. 5th DCA 2012). He then filed a motion seeking post-conviction relief, alleging five claims of ineffective assistance of trial counsel. The post-conviction court summarily denied four of the claims, and, after conducting a hearing, denied the remaining claim. This appeal followed.

The defendant challenges the summary denial of several of his claims.

> "The standard of review of a summary denial of a rule 3.850 motion is de novo." Lebron v. State, 827 So. 3d 132, 133 (Fla. 5th DCA 2012) (citing McLin v. State, 827 So. 2d 948, 954 (Fla. 2002)). To uphold the summary denial, "the claims must be either facially invalid or conclusively refuted by the record." Peede v. State, 748 So. 2d 253, 257 (Fla. 1999) (citing Fla. R. Crim. P. 3.850(d)); see also Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000).

Hird v. State, 41 Fla. L. Weekly D1638 (Fla. 5th DCA July 15, 2016).

The defendant first contends that the post-conviction court erred in summarily denying his claim that trial counsel was ineffective for failing to object to a flawed jury instruction on the justifiable use of deadly force. Relying exclusively on Hughes v. State, 22 So. 3d 132 (Fla. 2d DCA 2009), the post-conviction court denied this claim, ruling that the defendant could not establish that he was prejudiced, under Strickland,[1] by trial counsel's failure to object to the instruction because the claim could have been raised as fundamental error on direct appeal. The defendant argues that Hughes does not support the court's ruling and we agree. Hughes does not hold or suggest that a criminal defendant cannot establish prejudice in a post-conviction proceeding if the alleged error rose to the level of fundamental error. Accordingly, we reverse this ruling.

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

2

The defendant next contends that the post-conviction court erred in summarily denying his claim that counsel was ineffective for failing to seek to admit, during trial, testimony which was submitted by him during his pre-trial Stand Your Ground Hearing.[2] He maintains that this testimony was admissible pursuant to section 90.803 of the Florida Statutes (2012). Section 90.803(22) provides:

> **90.803. Hearsay exceptions; availability of declarant immaterial**
>
> The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
> . . . .
>
> (22) Former testimony.-- Former testimony given by the declarant which testimony was given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, or a person with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination; provided, however, the court finds that the testimony is not inadmissible pursuant to s. 90.402 or s. 90.403.

The post-conviction court summarily denied this claim, ruling that, under section 90.804, the testimony was inadmissible because the defendant was not unavailable. See § 90.804, Fla. Stat. (2012). The defendant challenges this ruling, asserting error based on the court's failure to address section 90.803(22). We agree and, therefore, remand this claim for the post-conviction court's consideration.

---

[2] See § 776.032, Fla. Stat. (2012) (providing immunity from criminal prosecution or civil action where person uses force authorized by sections 776.012, 776.13, 776.031, Florida Statutes (2012)).

The defendant lastly argues that the post-conviction court reversibly erred in failing to rule on his claim that the justifiable use of deadly force instruction was not supported by the evidence as to the victim of the aggravated battery.  We again agree. See Hebert v. State, 162 So. 3d 64 (Fla. 4th DCA 2014) (holding that the post-conviction court reversibly erred by failing to consider a claim raised in a rule 3.850 motion).

Accordingly, we reverse the summary denial of these three claims, and remand for the post-conviction court's consideration thereof.

AFFIRMED in part; REVERSED in part; and REMANDED.


SAWAYA and ORFINGER, JJ., concur.