IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMMIE JEROME BROWN, JR.,

      Appellant,

v.
                                       Case No. 5D17-2192

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 23, 2018

3.850 Appeal from the Circuit
Court for Orange County,
Alan S. Apte, Judge.

Jammie Jerome Brown, Jr., Bonifay, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.


PALMER, J.

Jammie Jerome Brown, Jr. (the defendant) appeals the trial court's order summarily denying his motion filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We reverse and remand for reconsideration of the defendant's first and fifth grounds for relief.

The defendant timely filed a rule 3.850 motion. The motion raised five grounds for relief, arguing, among other things, that trial counsel had rendered ineffective assistance

of counsel by failing to call material witnesses, Melvin Beasley and Toby Durham (ground one), and by failing to object to a jury instruction on the lesser-included offense of attempted second-degree murder which did not include an independent recitation of excusable and justifiable homicide (ground five). The trial court entered an order summarily denying all five grounds for relief.

The defendant challenges this order, claiming that the trial court erred in summarily denying ground one and failing to rule on ground five. We agree.

Claims of ineffective assistance of counsel require satisfying the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the defendant must show that trial counsel's performance was deficient, which requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 694. Second, the defendant must show that counsel's deficient performance prejudiced his defense, which requires showing that counsel's errors were so serious as to create "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Reiterating the proper framework for addressiong Strickland claims raised in post-conviction motions, the Florida Supreme Court explained:

> [U]nder rule 3.850, a movant is entitled to an evidentiary hearing unless the motion, files, and record conclusively show that the movant is not entitled to relief. Fla. R. Crim. P. 3.850(d); e.g. Provenzano v. Duggar, 561 So. 2d 541, 543 (Fla. 1990); Harich v. State, 484 So. 2d 1239, 1240 (Fla. 1986); O'Callaghan v. State, 461 So. 2d 1354, 1355 (Fla. 1984). To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach

2

those specific parts of the record that refute each claim presented in the motion. Hoffman v. State, 571 So. 2d 449, 450 (Fla. 1990).

Anderson v. State, 627 So. 2d 1170, 1171 (Fla. 1993).

As to ground one, the defendant alleged in his motion that he informed his trial counsel of Beasley before trial and that Beasley was available to testify during trial. The motion further alleged that Beasley would have testified that he was with the defendant when the crime was committed and that he left with the defendant before the crime took place. The motion alleged that trial counsel never contacted or subpoenaed Beasley.

The trial court summarily denied this claim for relief, concluding that the record established a reasonable explanation for counsel's failure to call Beasley as a witness because the transcript of a Nelson[1] hearing, which was contained in the record, demonstrated that defense counsel acted within the broad range of competent performance. The transcript of that hearing demonstrated that trial counsel stated that she did not know who Beasley was and that she had no notes on him. Counsel also stated that she had directed her investigator to speak with every witness supplied to her. The defendant argues that this evidence was insufficient to support summary denial of this claim for relief. We agree. Trial counsel's ignorance regarding Beasley meant that the trial court could not determine counsel's efficacy regarding him as a witness.

The trial court alternatively relied on the following exchange held at the conclusion of the trial to support summary denial of ground one:

> THE COURT: Is there any witness you wanted her to call that she has not called?
>
> THE DEFENDANT: No. No, sir.

_____

[1] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

3

We have previously disapproved of relying on such statements, as they may indicate the defendant's belief that it was too late to call further witnesses. See, e.g., Law v. State, 847 So. 2d 599, 600 (Fla. 5th DCA 2003). Such would appear to be the case here:

> THE DEFENDANT: There was only one thing, but it doesn't matter now.
>
> THE COURT: Tell me now.
>
> THE DEFENDANT: Um, few people that I told you I wanted her to—
>
> THE COURT: You mean you wanted her to depose Toby Durham, Melvin Beasley and Cortez Bouey?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: We've already addressed those issues. Anything else?

Accordingly, as no reasonable trial strategy or tactic is apparent on the face of the attached record, we reverse the summary denial of ground one. On remand, the trial court must either attach those portions of the record conclusively refuting this ground for relief or hold an evidentiary hearing. See Leo v. State, 959 So. 2d 1284, 1285 (Fla. 4th DCA 2007).

In closing, the State has properly conceded that the trial court erred in failing to address ground five of the defendant's motion. Accordingly, we remand so the trial court can properly address this ground for relief. See Lahens v. State, 204 So. 3d 982, 984 (Fla. 5th DCA 2016). As to all other grounds, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED.


TORPY and EISNAUGLE, JJ., concur.

4