PER CURIAM.
Appellant, Clovis Moss, appeals the final order entered by the postconviction court denying his motion for postconviction relief. See Fla. R. Crim. P. 3.850. In the motion, Appellant argued that counsel was ineffective for failing to call a witness at trial that would have undermined the victim's credibility. In summarily denying this ground, the postconviction court noted that the trial court had excluded the testimony referenced by Appellant and, therefore, counsel had no basis to call the witness. However, the record attached to the summary denial does not conclusively refute Appellant's claim as it does not reveal the source, nature, or extent of the trial court's evidentiary ruling.
Therefore, we reverse the summary denial of this ground for relief and remand for the postconviction court to either attach sufficient records to support the summary denial or to hold an evidentiary hearing. See Hird v. State, 204 So.3d 483, 485 (Fla. 5th DCA 2016) (citing Burgos v. State, 181 So.3d 572 (Fla. 5th DCA 2015) ).
REVERSED and REMANDED.
ORFINGER, HARRIS, and GROSSHANS, JJ., concur.